RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
BENJAMIN F. J. NEMEC
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Ben_Nemec@fd.org

Attorney for Idriss Qibaa

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00175-RFB-MDC |
| Plaintiff, | **STIPULATION TO CONTINUE TRIAL DATES** |
| v. | (Second Request) |
| IDRISS QIBAA, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Robert Knief, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender, and Benjamin F. J. Nemec, Assistant Federal Public Defender, counsel for Idriss Qibaa, that the calendar call currently scheduled for January 14, 2025, and the trial scheduled for February 10, 2025, be vacated and set to a date and time convenient to this Court, but no sooner than sixty (60) days.

The Stipulation is entered into for the following reasons:

1. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

2. The parties have come to a preliminary agreement to resolve this case and need additional time to execute.

3. The defendant is incarcerated and does not object to the continuance.

4. The parties agree to the continuance.

5. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for defendant sufficient time within which to be able to effectively and complete investigation of the discovery materials provided.

6. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

This is the second stipulation to continue filed herein.

DATED this 13th day of January, 2025.

| | |
|---|---|
| RENE L. VALLADARES<br>Federal Public Defender | JASON M. FRIERSON<br>United States Attorney |
| By /s/ Benjamin F. J. Nemec<br>BENJAMIN F. J. NEMEC<br>Assistant Federal Public Defender | By /s/ Robert Knief<br>ROBERT KNIEF<br>Assistant United States Attorney |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>IDRISS QIBAA,<br><br>      Defendant. | Case No. 2:24-cr-00175-RFB-MDC<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

## **FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Counsel for the defendant needs additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or will be resolved through negotiations.

2. The parties have come to a preliminary agreement to resolve this case and need additional time to execute.

3. The defendant is incarcerated and does not object to the continuance.

4. The parties agree to the continuance.

5. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for defendant sufficient time within which to be able to effectively and complete investigation of the discovery materials provided.

6. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United

3

States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section § 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, § 3161(h)(7)(B)(i), (iv).

## ORDER

IT IS THEREFORE ORDERED that trial briefs, proposed voir dire questions, proposed jury instructions, and a list of the Government's prospective witnesses must be electronically submitted to the Court by the ____ day of _____, 2025.

IT IS FURTHER ORDERED that the calendar call currently scheduled for January 14, 2025, at the hour of 1:00 p.m., be vacated and continued to _____ at the hour of ___:___ __.m.; and the trial currently scheduled for February 10, 2025 at the hour of 8:30 a.m., be vacated and continued to _____ at the hour of ___:___ __.m.

DATED this ____ day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE